■ SCHIAVONE CONSTRUCTION CO., INC., and AUGUST C. LOZANO, P.E., INC., a Joint Venture, Appellant, v CITY OF NEW YORK, Respondent. [963 NYS2d 871]—

Order, Supreme Court, New York County (Melvin L.

Schweitzer, J.), entered January 10, 2012, which denied plaintiffs' motion to amend the statutory notice of claim and the complaint, and granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiffs' original notice of claim failed to comply with the strict notice provisions of the parties' contract; thus, plaintiffs waived their claim under the contract (see A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20, 31-32 [1998]). Plaintiffs do not assert that defendant "frustrated or prevented the occurrence of the condition [precedent]" to their suit (see id. at 31 [internal quotation marks omitted]). Moreover, no fewer than three clauses in the contract alert the parties to the importance of compliance with all notice procedures; allowing plaintiffs to ignore those procedures would be to contravene long-standing black-letter law that a contract should not be read to "render any portion meaningless" and should be "so interpreted as to give effect to its general purpose" (see Beal Sav. Bank v Sommer, 8 NY3d 318, 324-325 [2007] [internal quotation marks omitted]).

None of the cases cited by plaintiffs support their contention that they should be allowed at this stage, i.e., after the commencement of litigation, to amend their notice of claim to state damages of nearly four times the amount stated in their original notice.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe and Gische, JJ.